UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCIPAR INC.,

        Plaintiff,

v.

**DECISION AND ORDER**
09-CV-128S

CHUBB CORPORATION *d/b/a* CHUBB
GROUP OF INSURANCE COMPANIES,
FEDERAL INSURANCE COMPANY, and
CHUBB & SON,

        Defendants.

## I. INTRODUCTION

Plaintiff Scipar Inc. commenced this action on November 18, 2008, by filing a summons and complaint in the New York State Supreme Court, County of Erie. On February 9, 2009, Defendants Chubb Corporation *d/b/a* Chubb Group of Insurance Companies ("Chubb Corporation") and Federal Insurance Company ("Federal Insurance") filed a Notice of Removal to this Court. On February 25, 2009, Plaintiff filed an amended complaint, adding Chubb & Son as a defendant.

Presently before this Court are Plaintiff's Motion to Remand[1] and Defendants' Cross Motion to Dismiss.[2] For the reasons stated below, this Court will grant Plaintiff's motion and remand this case to state court. Defendants' motion will be denied as moot.

---

[1] In support of its motion, Plaintiff filed the affidavit of Adam H. Van Buskirk, Esq., with exhibits, ("Aff. of Van Buskirk") and a memorandum of law. (Docket Nos. 6-2, 6-3.)

[2] In support of their cross motion, as well as in opposition to Plaintiff's motion to remand, Defendants filed a memorandum of law, the affidavit of Neil A. Goldberg, Esq., the affidavit of W. Andrew Macan, Esq., with exhibits, and the reply affidavit of Neil A. Goldberg, Esq. (Docket Nos. 14–16, 21.) In opposition, Plaintiff filed the affidavit of Adam H. Van Buskirk, Esq. and a memorandum of law. (Docket Nos. 18, 19.)

1

## II. BACKGROUND

Plaintiff filed a summons and complaint on November 18, 2008, in New York State Supreme Court. (Docket No. 1, Exh. B.) Plaintiff, a United States government contractor, initially brought this action against its insurer, Chubb Corporation, and Federal Insurance, which Plaintiff believed to be a subsidiary of Chubb Corporation. Plaintiff alleged that Defendants improperly denied its insurance claims.

Plaintiff is a New York corporation with its principal place of business in New York. (Amended Compl. at ¶ 1.) In its original complaint, Plaintiff asserted, upon information and belief, that Defendant Chubb Corporation is a New Jersey corporation using the trade name Chubb Group of Insurance Companies, with its principal place of business in New Jersey. Plaintiff further alleged that Defendant Federal Insurance is a company "duly licensed by the Insurance Department of the State of New York" to issue insurance policies, with its principal place of business in New Jersey. (Compl. at ¶¶ 2, 3.)

Defendants filed a notice of removal on February 9, 2009. (Docket No. 1.) Contrary to the allegations in Plaintiff's original complaint, Defendants assert that Defendant Federal Insurance is an Indiana corporation, with its principal place of business in New Jersey, and Defendant Chubb Corporation is merely a division of Federal Insurance. (Docket No. 1, ¶ 3.) Thus, Defendants removed the case on the basis of federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Docket No. 1, ¶ 4.)

On February 25, 2009, Plaintiff filed an amended complaint naming a new defendant who Plaintiff identified in the caption as Chubb & Son (Docket No. 5.) Plaintiff simultaneously filed a motion to remand, alleging that joinder of Chubb & Son, a New York Corporation, destroyed diversity of citizenship between the parties and this Court therefore

lacks subject-matter jurisdiction. (Docket No. 6.)

Thereafter, Defendants filed a motion to dismiss the claims against Defendant Chubb Corporation pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a cause of action. (Docket No. 13.) Defendants argue that Defendant Chubb Corporation was not involved with any matters at issue in this litigation. Further, Defendants seek to have Defendant Chubb & Son stricken from the caption, asserting that Chubb & Son, as named in the caption of the amended complaint, is merely a division of Defendant Federal Insurance and not a proper party to this litigation. (Docket No. 14, ¶ 4; Docket No. 21, ¶ 4.) Moreover, Defendants argue that even if Plaintiff intended to name Chubb & Son Inc.—which Defendants admit is a New York corporation—Plaintiff still has not added a proper party because, like Defendant Chubb Corporation, Chubb & Son Inc. lacks involvement with the claims of this litigation. (Docket No. 14, ¶ 6.)

### III. DISCUSSION

**A.    Legal Standards**

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over claims involving the Constitution, treaties, or laws of the United States, and over claims between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).

Section 1332(c)(1) is intended to restrict the scope of federal jurisdiction in diversity cases and should be construed narrowly. Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1047 (2d Cir. 1991) (superseded on other grounds by rules, Fed. R. Civ. P. 5, 83).

A case may not be removed to federal court on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(b). If the district court lacks subject-matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447©. The party seeking removal must establish diversity of citizenship and that the amount in controversy exceeds $75,000. MBIA Ins. Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 1055 (S.D.N.Y. 2009); California Public Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted) ("[T]he defendant bears the burden of demonstrating the propriety of removal.")

On a motion to remand, "the burden falls squarely upon the removing party to establish its right to a federal forum." R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 656 (2d Cir. 1979) (abrogated on other grounds). Due to the limited jurisdiction of the federal courts and the rights of the states, any doubts regarding removability must be resolved against removal. Somlyo, 932 F.2d at 1045–46 (inner quotations omitted).

**B.     Analysis**

Plaintiff asserts that it joined Defendant Chubb & Son in its amended complaint because the persons who denied its insurance claims identified their employer as "Chubb" and, since Defendant Chubb Corporation is not authorized to do business in New York, the employer at issue must be Chubb & Son, the New York corporation. (Aff. of Van Buskirk, ¶ 10.) Throughout its amended complaint, Plaintiff refers to Chubb & Son as "a New York Corporation." (Amended Compl., ¶¶ 4, 6.) In its motion to remand, Plaintiff refers to the

4

new defendant as "Chubb & Son" (Aff. of Van Buskirk, ¶¶ 4, 11, 12), as well as "Chubb & Son, Inc.," "Chubb & Son Inc.," and "a New York Corporation" (Id. at ¶¶ 3, 4, 10–12). Whether the proper name is Chubb & Son or Chubb & Son Inc., it is clear from the amended complaint that Plaintiff intends to sue the entity that is a New York corporation because that is the entity Plaintiff believes wrongfully denied its insurance claim. According to Defendants' own admission, "Chubb & Son Inc." is a New York corporation. (Docket No. 14, ¶ 6.) This Court therefore finds that Chubb & Son Inc. is the defendant that Plaintiff intended to sue.

Plaintiffs argue that remand is necessary because, with the addition of Chubb & Son Inc., complete diversity among the parties is lacking. It is undisputed that Plaintiff is incorporated in New York and has its principal place of business in New York. This makes Plaintiff a citizen of New York. 28 U.S.C. § 1332(c)(1). Defendants admit that Chubb & Son Inc. is also a citizen of New York, and thus there is no diversity jurisdiction. Sty-Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) (stating that if either the place of incorporation or principal place of business destroys diversity, the court will not have diversity jurisdiction).

In attempting to carry its burden of establishing diversity jurisdiction, Defendants argue that neither Chubb & Son nor Chubb & Son Inc. is a proper defendant, and therefore, its citizenship should not be considered. Defendants argue that Chubb & Son is merely a division of Defendant Federal Insurance and not a legal entity capable of being sued (Docket No. 14, ¶ 4; Docket No. 21, ¶ 4), and Chubb & Son Inc. is not involved in the claims of this litigation (Docket No. 14, ¶ 6). Defendants do not argue that joinder of Chubb & Son is impermissible or improper or even prejudicial. Rather, Defendants rely on

their factual arguments that Chubb & Son is simply not involved with the claims of Plaintiff's action.

Plaintiff, however, maintains that the persons who denied its insurance claims were employed by Chubb & Son, Inc., a New York Corporation. (Aff. of Van Buskirk, ¶ 3.) That is therefore the entity it seeks to sue. Although it may be determined later in this litigation, particularly after discovery, that Defendant Chubb & Son Inc. was not involved in the denial of Plaintiff's claims, it is premature to reach that conclusion at this stage. Rather, Plaintiff has identified Chubb & Son Inc. as a defendant and asserted claims against it. Remand is therefore required.

Accordingly, drawing all inferences in Plaintiff's favor and resolving any doubts regarding removability against removal, Somlyo, 932 F.2d at 1045–46, this Court finds that Defendants have not established their right to a federal forum, R.G. Barry Corp., 612 F.2d at 656; see also Norwood v. Kirkpatrick, 349 U.S. 29, 35, 75 S. Ct. 544, 548, 99 L. Ed. 789 (1955) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (internal quotation marks omitted). Consequently, because Plaintiff and Defendant Chubb & Son Inc. are both citizens of New York for jurisdictional purposes, this Court lacks subject-matter jurisdiction. This case shall be remanded to the New York State Supreme Court, County of Erie.

## IV. CONCLUSION

For the foregoing reasons, remand to state court is required because this Court lacks subject-matter jurisdiction. Accordingly, Plaintiff's request for remand is granted. Defendants' cross motion to dismiss is therefore denied as moot.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Remand (Docket No. 6) is GRANTED consistent with the above.

FURTHER, that Defendants' Cross Motion to Dismiss (Docket No. 13) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to remand this case to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.


Dated: September 30, 2010
      Buffalo, NY

                                                     /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                         Chief Judge
                                          United States District Court